Barry K. Shelton (CA Bar No. 199307; barry.shelton@bgllp.com)
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 494-3693
Facsimile: (512) 479-3900

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, A Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> INNOVATIO IP VENTURES, LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND JURY DEMAND

Plaintiff Hewlett-Packard Company ("HP") for its complaint against Defendant Innovatio IP Ventures, LLC ("Innovatio") alleges:

**I.     THE PARTIES**

1.     HP is a corporation organized and existing under the laws of the state of Delaware. HP's principal place of business is 3000 Hanover Street, Palo Alto, California 94304.

2.     Upon information and belief, Defendant Innovatio IP Ventures, LLC ("Innovatio") is a limited liability company organized and existing under the laws of the state of Delaware, and has a principal place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602.

**II.     JURISDICTION**

3.     This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 1 *et seq.* An actual, substantial and

1

1  continuing justiciable controversy exists between HP and Innovatio that requires a declaration of

2  rights by this Court.

3      4.      The Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,

4  1338(a), and 2201-2202.

5      5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

6      6.      The Court has personal jurisdiction over Innovatio by virtue of Innovatio's

7  purposeful and repeated contacts in this District, including, *inter alia*, Innovatio's attempts to

8  enforce U.S. Patent Nos. 6,714,559, 7,386,002, 7,535,921, 7,548,553, 5,740,366, 5,940,771,

9  6,374,311, 7,457,646, 5,546,397, 5,844,893, 6,665,536, 6,697,415, 7,013,138, 7,710,907,

10  7,916,747, 7,873,343, and 7,536,167 ("the Patents-in-Suit") against products manufactured by HP

11  and other companies with principal places of business in this District.

12  **III.   THE PATENTS-IN-SUIT**

13      7.      U.S. Patent No. 6,714,559 ("the '559 patent") is entitled "Redundant Radio

14  Frequency Network Having a Roaming Terminal Communication Protocol" and issued on March

15  30, 2004. A copy of the '559 patent is attached hereto as Exhibit 1.

16      8.      U.S. Patent No. 7,386,002 ("the '002 patent") is entitled "Redundant Radio

17  Frequency Network Having a Roaming Terminal Communication Protocol" and issued on June

18  10, 2008. A copy of the '002 patent is attached hereto as Exhibit 2.

19      9.      U.S. Patent No. 7,535,921 ("the '921 patent") is entitled "Redundant Radio

20  Frequency Network Having a Roaming Terminal Communication Protocol" and issued on May

21  19, 2009. A copy of the '921 patent is attached hereto as Exhibit 3.

22      10.     U.S. Patent No. 7,548,553 ("the '553 patent") is entitled "Redundant Radio

23  Frequency Network Having a Roaming Terminal Communication Protocol" and issued on June

24  16, 2009. A copy of the '553 patent is attached hereto as Exhibit 4.

25      11.     U.S. Patent No. 5,740,366 ("the '366 patent") is entitled "Communication Network

26  Having a Plurality of Bridging Nodes Which Transmit a Beacon to Terminal Nodes in Power

27  Saving State That It Has Messages Awaiting Delivery" and issued on April 14, 1998. A copy of

28  the '366 patent is attached hereto as Exhibit 5.

12.     U.S. Patent No. 5,940,771 ("the '771 patent") is entitled "Network Supporting Roaming, Sleeping Terminals" and issued on August 17, 1999. A copy of the '771 patent is attached hereto as Exhibit 6.

13.     U.S. Patent No. 6,374,311 ("the '311 patent") is entitled "Communication Network Having a Plurality of Bridging Nodes Which Transmit a Beacon to Terminal Nodes in Power Saving State That It Has Messages Awaiting Delivery" and issued on April 16, 2002. A copy of the '311 patent is attached hereto as Exhibit 7.

14.     U.S. Patent No. 7,457,646 ("the '646 patent") is entitled "Radio Frequency Local Area Network" and issued on November 25, 2008. A copy of the '646 patent is attached hereto as Exhibit 8.

15.     U.S. Patent No. 5,546,397 ("the '397 patent") is entitled "High Reliability Access Point for Wireless Local Area Network" and issued on August 13, 1996. A copy of the '397 patent is attached hereto as Exhibit 9.

16.     U.S. Patent No. 5,844,893 ("the '893 patent") is entitled "System for Coupling Host Computer Means with Base Transceiver Units on a Local Area Network" and issued on December 1, 1998. A copy of the '893 patent is attached hereto as Exhibit 10.

17.     U.S. Patent No. 6,665,536 ("the '536 patent") is entitled "Local Area Network Having Multiple Channel Wireless Access" and issued on December 16, 2003. A copy of the '536 patent is attached hereto as Exhibit 11.

18.     U.S. Patent No. 6,697,415 ("the '415 patent") is entitled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission" and issued on February 24, 2004. A copy of the '415 patent is attached hereto as Exhibit 12.

19.     U.S. Patent No. 7,013,138 ("the '138 patent") is entitled "Local Area Network Having Multiple Channel Wireless Access" and issued on March 14, 2006. A copy of the '138 patent is attached hereto as Exhibit 13.

20.     U.S. Patent No. 7,710,907 ("the '907 patent") is entitled "Local Area Network Having Multiple Channel Wireless Access" and issued on May 4, 2010. A copy of the '907 patent is attached hereto as Exhibit 14.

21. U.S. Patent No. 7,916,747 ("the '747 patent") is entitled "Redundant Radio Frequency Network Having a Roaming Terminal Communication Protocol" and issued on March 29, 2011. A copy of the '747 patent is attached hereto as Exhibit 15.

22. U.S. Patent No. 7,873,343 ("the '343 patent") is entitled "Communication Network Terminal with Sleep Capability" and issued on January 18, 2011. A copy of the '343 patent is attached hereto as Exhibit 16.

23. U.S. Patent No. 7,536,167 ("the '167 patent") is entitled "Network Supporting Roaming, Sleeping Terminals" and issued on May 19, 2009. A copy of the '167 patent is attached hereto as Exhibit 17.

## IV. FACTUAL BACKGROUND

24. On March 8, 2011, Innovatio sued ABP Corporation, Accor North America, Caribou Coffee Co., Inc., CBC Restaurant Corp., Cosi, Inc., Dominick's Supermarkets, Inc., Kimpton Hotel & Restaurant Group, LLC, LQ Management LLC, Meijer, Inc., and Panera Bread Company for patent infringement of fourteen of the Patents-in-Suit in the Northern District of Illinois, Civil Action No. 11-cv-1638 (the "ABP action"). Innovatio filed a first amended complaint on April 6, 2011 and asserted three additional U.S. patents of the Patents-in-Suit. Innovatio accused the defendants of infringing the Patents-in-Suit by "using WLAN [wireless local area network] products" and/or "WLANs." Several of the defendants use wireless access points manufactured by HP and sought indemnification from HP.

25. Innovatio has since filed suits asserting the Patents-in-Suit in districts around the country, including additional suits in the Northern District of Illinois, Western District for Wisconsin, Middle District of Florida, and the District of Nevada. Several of the defendants in certain of these cases defendants use wireless access points manufactured and sold by HP and sought indemnification from HP.

26. Innovatio has sent letters to other HP customers ("Accused HP Customers") in which it asserted that the Patents-in-Suit were infringed by the HP customers' use of HP wireless access points in wireless local area networks. For example, Innovatio alleged in these letters that the Patents-in-Suit have "broad application in the field of wireless local area network ('WLAN')

4

1  technology (popularly referred to as 'Wi-Fi'), including the emerging field of 'mesh' networking."

2  Moreover, Innovatio alleged in the letters to HP's customers that "WLANs deployed in any

3  corporate office, manufacturing, distribution, retail, inventory management, warehousing,

4  industrial monitoring and control, or 'smart energy' environments" "infringes numerous of the

5  Innovatio patents." Innovatio further asserted that "[c]laims of the Innovatio Patents cover, among

6  other things, WLANs that use the IEEE 802.11 communication protocols." These Accused HP

7  Customers have sought indemnification from HP.

8       27.    Innovatio identified wireless access points manufactured and sold by HP as

9  Accused Instrumentalities in its infringement contentions in the ABP action. HP manufactures

10  and sells wireless access points that are the subject of the ABP and other pending actions, as well

11  as being accused in the letters to Accused HP Customers.

12       28.    On information and belief, accused HP products include devices that are licensed to

13  the Patents-in-Suit.

14       29.    On information and belief, Broadcom Corporation ("Broadcom") is licensed to

15  make, have made, use, sell, offer for sale, and import products covered by the Patents-in-Suit. To

16  the extent that Innovatio's allegations of patent infringement are predicated on the alleged making,

17  use, sale, offer for sale, or importation of HP products that incorporate Broadcom products, such

18  allegations are barred pursuant to such license and/or the doctrine of patent exhaustion.

19       30.    On information and belief, Broadcom granted a license to Qualcomm Incorporated

20  ("Qualcomm") to make, have made, use, sell, offer for sale, and import products covered by the

21  Patents-in-Suit. To the extent that Innovatio's allegations of patent infringement are predicated on

22  the alleged making, use, sale, offer for sale, or importation of HP products that incorporate

23  Qualcomm or Qualcomm Atheros Inc. products, such allegations are barred pursuant to such

24  license and/or the doctrine of patent exhaustion.

25       31.    On information and belief, Broadcom granted a license to Agere Systems Inc.

26  ("Agere") to make, have made, use, sell, offer for sale, and import products covered by the

27  Patents-in-Suit. To the extent that Innovatio's allegations of patent infringement are predicated on

28  the alleged making, use, sale, offer for sale, or importation of HP products that incorporate Agere

COMPLAINT AND DEMAND FOR JURY TRIAL

1   products, such allegations are barred pursuant to such license and/or the doctrine of patent

2   exhaustion.

3       32.    On information and belief, Broadcom granted a license to STMicroelectronics to

4   make, have made, use, sell, offer for sale, and import products covered by the Patents-in-Suit. To

5   the extent that Innovatio's allegations of patent infringement are predicated on the alleged making,

6   use, sale, offer for sale, or importation of HP products that incorporate STMicroelectronics

7   products, such allegations are barred pursuant to such license and/or the doctrine of patent

8   exhaustion.

9       33.    On information and belief, at least some of the HP products accused of patent

10  infringement by Innovatio are licensed to the Patents-in-Suit.

11      34.    HP, its wireless access point products, and HP's customers have not infringed, and

12  do not infringe, directly or indirectly, any valid and enforceable claim of any of the Patents-in-

13  Suit, either literally or under the doctrine of equivalents. There exists an actual and justiciable

14  controversy between HP and Innovatio that warrants declaratory relief.

15  <u>**COUNT I**</u>

16  <u>**NONINFRINGEMENT OF U.S. PATENT 6,714,559**</u>

17      35.    HP incorporates by reference the allegations in paragraphs 1 through 34, inclusive.

18      36.    This is an action for declaratory judgment of noninfringement of any and all valid

19  claims of the '559 patent.

20      37.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

21  infringement action against HP and/or HP's customers.

22      38.    Innovatio has alleged that it "owns all rights, title, and interest in and to, and has

23  standing to sue for infringement of" the '559 patent, "including the right to sue for and collect past

24  damages."

25      39.    Innovatio has alleged and continues to allege that HP's customers have directly

26  infringed the '559 patent.

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

40.    HP denies Innovatio's allegations with respect to infringement by HP's customers. Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid claim of the '559 patent.

41.    Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '559 are infringed by HP or HP's customers.

42.    HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '559 patent.

## COUNT II

## INVALIDITY OF U.S. PATENT NO. 6,714,559

43.    HP incorporates by reference the allegations of paragraphs 1 through 42, inclusive.

44.    This is an action for declaratory judgment of invalidity of any and all claims of the '559 patent.

45.    HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

46.    The claims of the '559 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

47.    Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '559 are invalid.

48.    HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding the invalidity of the '559 patent.

## COUNT III

## NONINFRINGEMENT OF U.S. PATENT 7,386,002

49.    HP incorporates by reference the allegations in paragraphs 1 through 48, inclusive.

COMPLAINT AND DEMAND FOR JURY TRIAL

50.     This is an action for declaratory judgment of noninfringement of any and all valid claims of the '002 patent.

51.     HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

52.     Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '002 patent, "including the right to sue for and collect past damages."

53.     Innovatio has alleged and continues to allege that HP's customers have directly infringed the '002 patent.

54.     HP denies Innovatio's allegations with respect to infringement by HP's customers. Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid claim of the '002 patent.

55.     Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '002 are infringed by HP or HP's customers.

56.     HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '002 patent.

## COUNT IV

## INVALIDITY OF U.S. PATENT NO. 7,386,002

57.     HP incorporates by reference the allegations of paragraphs 1 through 56, inclusive.

58.     This is an action for declaratory judgment of invalidity of any and all claims of the '002 patent.

59.     HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

60.     The claims of the '002 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

8

61.     Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '002 are invalid.

62.     HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding the invalidity of the '002 patent.

<u>COUNT V</u>

<u>NONINFRINGEMENT OF U.S. PATENT 7,535,921</u>

63.     HP incorporates by reference the allegations in paragraphs 1 through 62, inclusive.

64.     This is an action for declaratory judgment of noninfringement of any and all valid claims of the '921 patent.

65.     HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

66.     Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '921 patent, "including the right to sue for and collect past damages."

67.     Innovatio has alleged and continues to allege that HP's customers have directly infringed the '921 patent.

68.     HP denies Innovatio's allegations with respect to infringement by HP's customers. Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid claim of the '921 patent.

69.     Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '921 are infringed by HP or HP's customers.

70.     HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '921 patent.

## COUNT VI

## INVALIDITY OF U.S. PATENT NO. 7,535,921

71.     HP incorporates by reference the allegations of paragraphs 1 through 70, inclusive.

72.     This is an action for declaratory judgment of invalidity of any and all claims of the '921 patent.

73.     HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

74.     The claims of the '921 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

75.     Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '921 are invalid.

76.     HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding the invalidity of the '921 patent.

## COUNT VII

## NONINFRINGEMENT OF U.S. PATENT 7,548,553

77.     HP incorporates by reference the allegations in paragraphs 1 through 76, inclusive.

78.     This is an action for declaratory judgment of noninfringement of any and all valid claims of the '553 patent.

79.     HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

80.     Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '553 patent, "including the right to sue for and collect past damages."

81.     Innovatio has alleged and continues to allege that HP's customers have directly infringed the '553 patent.

COMPLAINT AND DEMAND FOR JURY TRIAL

1    82.    HP denies Innovatio's allegations with respect to infringement by HP's customers.

2  Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents,

3  or induce or contribute to the infringement of, any valid claim of the '553 patent.

4    83.    Accordingly, there exists an actual and justiciable controversy between HP and

5  Innovatio relating to whether the claims of the '553 are infringed by HP or HP's customers.

6    84.    HP desires and requests a judicial determination and declaration of the respective

7  rights and duties of the parties based on the disputes recited herein.  Such a determination and

8  declaration is necessary and appropriate at this time so that the parties may ascertain their

9  respective rights and responsibilities regarding noninfringement of the '553 patent.

10                    **COUNT VIII**

11         **INVALIDITY OF U.S. PATENT NO. 7,548,553**

12    85.    HP incorporates by reference the allegations of paragraphs 1 through 84, inclusive.

13    86.    This is an action for declaratory judgment of invalidity of any and all claims of the

14  '553 patent.

15    87.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

16  infringement action against HP and/or HP's customers.

17    88.    The claims of the '553 patent are invalid because they fail to comply with the

18  conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

19  limited to 35 U.S.C. §§ 101, 102, 103, and 112.

20    89.    Accordingly, there exists an actual and justiciable controversy between HP and

21  Innovatio relating to whether the claims of the '553 are invalid.

22    90.    HP desires and requests a judicial determination and declaration of the respective

23  rights and duties of the parties based on the disputes recited herein.  Such a determination and

24  declaration is necessary and appropriate at this time so that the parties may ascertain their

25  respective rights and responsibilities regarding the invalidity of the '553 patent.

26                    **COUNT IX**

27         **NONINFRINGEMENT OF U.S. PATENT 5,740,366**

28    91.    HP incorporates by reference the allegations in paragraphs 1 through 90, inclusive.

COMPLAINT AND DEMAND FOR JURY TRIAL

92.     This is an action for declaratory judgment of noninfringement of any and all valid claims of the '366 patent.

93.     HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

94.     Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '366 patent, "including the right to sue for and collect past damages."

95.     Innovatio has alleged and continues to allege that HP's customers have directly infringed, and induced and/or contributed to the infringement of the '366 patent.

96.     HP denies Innovatio's allegations with respect to infringement by HP's customers. Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid claim of the '366 patent.

97.     Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '366 are infringed by HP or HP's customers.

98.     HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '366 patent.

## COUNT X

## INVALIDITY OF U.S. PATENT NO. 5,740,366

99.     HP incorporates by reference the allegations of paragraphs 1 through 98, inclusive.

100.    This is an action for declaratory judgment of invalidity of any and all claims of the '366 patent.

101.    HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

102.    The claims of the '366 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

12

103. Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '366 are invalid.

104. HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding the invalidity of the '366 patent.

**COUNT XI**

**NONINFRINGEMENT OF U.S. PATENT 5,940,771**

105. HP incorporates by reference the allegations in paragraphs 1 through 104, inclusive.

106. This is an action for declaratory judgment of noninfringement of any and all valid claims of the '771 patent.

107. HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

108. Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '771 patent, "including the right to sue for and collect past damages."

109. Innovatio has alleged and continues to allege that HP's customers have directly infringed, and induced and/or contributed to the infringement of the '771 patent.

110. HP denies Innovatio's allegations with respect to infringement by HP's customers. Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid claim of the '771 patent.

111. Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '771 are infringed by HP or HP's customers.

112. HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '771 patent.

13

## COUNT XII

## INVALIDITY OF U.S. PATENT NO. 5,940,771

113. HP incorporates by reference the allegations of paragraphs 1 through 112, inclusive.

114. This is an action for declaratory judgment of invalidity of any and all claims of the '771 patent.

115. HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

116. The claims of the '771 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

117. Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '771 are invalid.

118. HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding the invalidity of the '771 patent.

## COUNT XIII

## NONINFRINGEMENT OF U.S. PATENT 6,374,311

119. HP incorporates by reference the allegations in paragraphs 1 through 118, inclusive.

120. This is an action for declaratory judgment of noninfringement of any and all valid claims of the '311 patent.

121. HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

122. Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '311 patent, "including the right to sue for and collect past damages."

COMPLAINT AND DEMAND FOR JURY TRIAL

1   123. Innovatio has alleged and continues to allege that HP's customers have directly

2 infringed, and induced and/or contributed to the infringement of the '311 patent.

3   124. HP denies Innovatio's allegations with respect to infringement by HP's customers.

4 Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents,

5 or induce or contribute to the infringement of, any valid claim of the '311 patent.

6   125. Accordingly, there exists an actual and justiciable controversy between HP and

7 Innovatio relating to whether the claims of the '311 are infringed by HP or HP's customers.

8   126. HP desires and requests a judicial determination and declaration of the respective

9 rights and duties of the parties based on the disputes recited herein. Such a determination and

10 declaration is necessary and appropriate at this time so that the parties may ascertain their

11 respective rights and responsibilities regarding noninfringement of the '311 patent.

<div align="center">

**COUNT XIV**

**INVALIDITY OF U.S. PATENT NO. 6,374,311**

</div>

14   127. HP incorporates by reference the allegations of paragraphs 1 through 126,

15 inclusive.

16   128. This is an action for declaratory judgment of invalidity of any and all claims of the

17 '311 patent.

18   129. HP has an objectively reasonable apprehension that Innovatio will bring a patent

19 infringement action against HP and/or HP's customers.

20   130. The claims of the '311 patent are invalid because they fail to comply with the

21 conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

22 limited to 35 U.S.C. §§ 101, 102, 103, and 112.

23   131. Accordingly, there exists an actual and justiciable controversy between HP and

24 Innovatio relating to whether the claims of the '311 are invalid.

25   132. HP desires and requests a judicial determination and declaration of the respective

26 rights and duties of the parties based on the disputes recited herein. Such a determination and

27 declaration is necessary and appropriate at this time so that the parties may ascertain their

28 respective rights and responsibilities regarding the invalidity of the '311 patent.

**COUNT XV**

**NONINFRINGEMENT OF U.S. PATENT 7,457,646**

133.    HP incorporates by reference the allegations in paragraphs 1 through 132, inclusive.

134.    This is an action for declaratory judgment of noninfringement of any and all valid claims of the '646 patent.

135.    HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

136.    Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '646 patent, "including the right to sue for and collect past damages."

137.    Innovatio has alleged and continues to allege that HP's customers have directly infringed the '646 patent.

138.    HP denies Innovatio's allegations with respect to infringement by HP's customers. Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid claim of the '646 patent.

139.    Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '646 are infringed by HP or HP's customers.

140.    HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '646 patent.

**COUNT XVI**

**INVALIDITY OF U.S. PATENT NO. 7,457,646**

141.    HP incorporates by reference the allegations of paragraphs 1 through 140, inclusive.

142.    This is an action for declaratory judgment of invalidity of any and all claims of the '646 patent.

1      143.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

2 infringement action against HP and/or HP's customers.

3      144.    The claims of the '646 patent are invalid because they fail to comply with the

4 conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

5 limited to 35 U.S.C. §§ 101, 102, 103, and 112.

6      145.    Accordingly, there exists an actual and justiciable controversy between HP and

7 Innovatio relating to whether the claims of the '646 are invalid.

8      146.    HP desires and requests a judicial determination and declaration of the respective

9 rights and duties of the parties based on the disputes recited herein. Such a determination and

10 declaration is necessary and appropriate at this time so that the parties may ascertain their

11 respective rights and responsibilities regarding the invalidity of the '646 patent.

## COUNT XVII

## NONINFRINGEMENT OF U.S. PATENT 5,546,397

14      147.    HP incorporates by reference the allegations in paragraphs 1 through 146,

15 inclusive.

16      148.    This is an action for declaratory judgment of noninfringement of any and all valid

17 claims of the '397 patent.

18      149.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

19 infringement action against HP and/or HP's customers.

20      150.    Innovatio has alleged that it "owns all rights, title, and interest in and to, and has

21 standing to sue for infringement of" the '397 patent, "including the right to sue for and collect past

22 damages."

23      151.    Innovatio has alleged and continues to allege that HP's customers have directly

24 infringed the '397 patent.

25      152.    HP denies Innovatio's allegations with respect to infringement by HP's customers.

26 Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents,

27 or induce or contribute to the infringement of, any valid claim of the '397 patent.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

153. Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '397 are infringed by HP or HP's customers.

154. HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '397 patent.

## COUNT XVIII

## INVALIDITY OF U.S. PATENT NO. 5,546,397

155. HP incorporates by reference the allegations of paragraphs 1 through 154, inclusive.

156. This is an action for declaratory judgment of invalidity of any and all claims of the '397 patent.

157. HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

158. The claims of the '397 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

159. Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '397 are invalid.

160. HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding the invalidity of the '397 patent.

## COUNT XIX

## NONINFRINGEMENT OF U.S. PATENT 5,844,893

161. HP incorporates by reference the allegations in paragraphs 1 through 160, inclusive.

COMPLAINT AND DEMAND FOR JURY TRIAL

162.    This is an action for declaratory judgment of noninfringement of any and all valid claims of the '893 patent.

163.    HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

164.    Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '893 patent, "including the right to sue for and collect past damages."

165.    Innovatio has alleged and continues to allege that HP's customers have directly infringed, and induced and/or contributed to the infringement of the '893 patent.

166.    HP denies Innovatio's allegations with respect to infringement by HP's customers. Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid claim of the '893 patent.

167.    Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '893 are infringed by HP or HP's customers.

168.    HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '893 patent.

## COUNT XX

## INVALIDITY OF U.S. PATENT NO. 5,844,893

169.    HP incorporates by reference the allegations of paragraphs 1 through 168, inclusive.

170.    This is an action for declaratory judgment of invalidity of any and all claims of the '893 patent.

171.    HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

COMPLAINT AND DEMAND FOR JURY TRIAL

1      172.    The claims of the '893 patent are invalid because they fail to comply with the

2    conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

3    limited to 35 U.S.C. §§ 101, 102, 103, and 112.

4      173.    Accordingly, there exists an actual and justiciable controversy between HP and

5    Innovatio relating to whether the claims of the '893 are invalid.

6      174.    HP desires and requests a judicial determination and declaration of the respective

7    rights and duties of the parties based on the disputes recited herein.  Such a determination and

8    declaration is necessary and appropriate at this time so that the parties may ascertain their

9    respective rights and responsibilities regarding the invalidity of the '893 patent.

10                          **COUNT XXI**

11              **NONINFRINGEMENT OF U.S. PATENT 6,665,536**

12      175.    HP incorporates by reference the allegations in paragraphs 1 through 174,

13    inclusive.

14      176.    This is an action for declaratory judgment of noninfringement of any and all valid

15    claims of the '536 patent.

16      177.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

17    infringement action against HP and/or HP's customers.

18      178.    Innovatio has alleged that it "owns all rights, title, and interest in and to, and has

19    standing to sue for infringement of" the '536 patent, "including the right to sue for and collect past

20    damages."

21      179.    Innovatio has alleged and continues to allege that HP's customers have directly

22    infringed, and induced and/or contributed to the infringement of the '536 patent.

23      180.    HP denies Innovatio's allegations with respect to infringement by HP's customers.

24    Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents,

25    or induce or contribute to the infringement of, any valid claim of the '536 patent.

26      181.    Accordingly, there exists an actual and justiciable controversy between HP and

27    Innovatio relating to whether the claims of the '536 are infringed by HP or HP's customers.

28

          COMPLAINT AND DEMAND FOR JURY TRIAL

1     182.    HP desires and requests a judicial determination and declaration of the respective

2    rights and duties of the parties based on the disputes recited herein. Such a determination and

3    declaration is necessary and appropriate at this time so that the parties may ascertain their

4    respective rights and responsibilities regarding noninfringement of the '536 patent.

5                     **COUNT XXII**

6         **INVALIDITY OF U.S. PATENT NO. 6,665,536**

7     183.    HP incorporates by reference the allegations of paragraphs 1 through 182,

8    inclusive.

9     184.    This is an action for declaratory judgment of invalidity of any and all claims of the

10    '536 patent.

11     185.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

12    infringement action against HP and/or HP's customers.

13     186.    The claims of the '536 patent are invalid because they fail to comply with the

14    conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

15    limited to 35 U.S.C. §§ 101, 102, 103, and 112.

16     187.    Accordingly, there exists an actual and justiciable controversy between HP and

17    Innovatio relating to whether the claims of the '536 are invalid.

18     188.    HP desires and requests a judicial determination and declaration of the respective

19    rights and duties of the parties based on the disputes recited herein. Such a determination and

20    declaration is necessary and appropriate at this time so that the parties may ascertain their

21    respective rights and responsibilities regarding the invalidity of the '536 patent.

22                    **COUNT XXIII**

23       **NONINFRINGEMENT OF U.S. PATENT 6,697,415**

24     189.    HP incorporates by reference the allegations in paragraphs 1 through 188,

25    inclusive.

26     190.    This is an action for declaratory judgment of noninfringement of any and all valid

27    claims of the '415 patent.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

1    191.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

2    infringement action against HP and/or HP's customers.

3    192.    Innovatio has alleged that it "owns all rights, title, and interest in and to, and has

4    standing to sue for infringement of" the '415 patent, "including the right to sue for and collect past

5    damages."

6    193.    Innovatio has alleged and continues to allege that HP's customers have directly

7    infringed the '415 patent.

8    194.    HP denies Innovatio's allegations with respect to infringement by HP's customers.

9    Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents,

10   or induce or contribute to the infringement of, any valid claim of the '415 patent.

11   195.    Accordingly, there exists an actual and justiciable controversy between HP and

12   Innovatio relating to whether the claims of the '415 are infringed by HP or HP's customers.

13   196.    HP desires and requests a judicial determination and declaration of the respective

14   rights and duties of the parties based on the disputes recited herein. Such a determination and

15   declaration is necessary and appropriate at this time so that the parties may ascertain their

16   respective rights and responsibilities regarding noninfringement of the '415 patent.

17   **COUNT XXIV**

18   **INVALIDITY OF U.S. PATENT NO. 6,697,415**

19   197.    HP incorporates by reference the allegations of paragraphs 1 through 196,

20   inclusive.

21   198.    This is an action for declaratory judgment of invalidity of any and all claims of the

22   '415 patent.

23   199.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

24   infringement action against HP and/or HP's customers.

25   200.    The claims of the '415 patent are invalid because they fail to comply with the

26   conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

27   limited to 35 U.S.C. §§ 101, 102, 103, and 112.

28

1      201.  Accordingly, there exists an actual and justiciable controversy between HP and

2  Innovatio relating to whether the claims of the '415 are invalid.

3      202.  HP desires and requests a judicial determination and declaration of the respective

4  rights and duties of the parties based on the disputes recited herein.  Such a determination and

5  declaration is necessary and appropriate at this time so that the parties may ascertain their

6  respective rights and responsibilities regarding the invalidity of the '415 patent.

<div align="center">

**COUNT XXV**

**NONINFRINGEMENT OF U.S. PATENT 7,013,138**

</div>

9      203.  HP incorporates by reference the allegations in paragraphs 1 through 202,

10  inclusive.

11      204.  This is an action for declaratory judgment of noninfringement of any and all valid

12  claims of the '138 patent.

13      205.  HP has an objectively reasonable apprehension that Innovatio will bring a patent

14  infringement action against HP and/or HP's customers.

15      206.  Innovatio has alleged that it "owns all rights, title, and interest in and to, and has

16  standing to sue for infringement of" the '138 patent, "including the right to sue for and collect past

17  damages."

18      207.  Innovatio has alleged and continues to allege that HP's customers have directly

19  infringed, and induced and/or contributed to the infringement of the '138 patent.

20      208.  HP denies Innovatio's allegations with respect to infringement by HP's customers.

21  Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents,

22  or induce or contribute to the infringement of, any valid claim of the '138 patent.

23      209.  Accordingly, there exists an actual and justiciable controversy between HP and

24  Innovatio relating to whether the claims of the '138 are infringed by HP or HP's customers.

25      210.  HP desires and requests a judicial determination and declaration of the respective

26  rights and duties of the parties based on the disputes recited herein.  Such a determination and

27  declaration is necessary and appropriate at this time so that the parties may ascertain their

28  respective rights and responsibilities regarding noninfringement of the '138 patent.

    COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT XXVI

### INVALIDITY OF U.S. PATENT NO. 7,013,138

211.    HP incorporates by reference the allegations of paragraphs 1 through 210, inclusive.

212.    This is an action for declaratory judgment of invalidity of any and all claims of the '138 patent.

213.    HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

214.    The claims of the '138 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

215.    Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '138 are invalid.

216.    HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding the invalidity of the '138 patent.

## COUNT XXVII

### NONINFRINGEMENT OF U.S. PATENT 7,710,907

217.    HP incorporates by reference the allegations in paragraphs 1 through 216, inclusive.

218.    This is an action for declaratory judgment of noninfringement of any and all valid claims of the '907 patent.

219.    HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

220.    Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '907 patent, "including the right to sue for and collect past damages."

COMPLAINT AND DEMAND FOR JURY TRIAL

1    221.    Innovatio has alleged and continues to allege that HP's customers have directly

2   infringed the '907 patent.

3    222.    HP denies Innovatio's allegations with respect to infringement by HP's customers.

4   Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents,

5   or induce or contribute to the infringement of, any valid claim of the '907 patent.

6    223.    Accordingly, there exists an actual and justiciable controversy between HP and

7   Innovatio relating to whether the claims of the '907 are infringed by HP or HP's customers.

8    224.    HP desires and requests a judicial determination and declaration of the respective

9   rights and duties of the parties based on the disputes recited herein. Such a determination and

10  declaration is necessary and appropriate at this time so that the parties may ascertain their

11  respective rights and responsibilities regarding noninfringement of the '907 patent.

12                              **COUNT XXVIII**

13                **INVALIDITY OF U.S. PATENT NO. 7,710,907**

14   225.    HP incorporates by reference the allegations of paragraphs 1 through 224,

15  inclusive.

16   226.    This is an action for declaratory judgment of invalidity of any and all claims of the

17  '907 patent.

18   227.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

19  infringement action against HP and/or HP's customers.

20   228.    The claims of the '907 patent are invalid because they fail to comply with the

21  conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

22  limited to 35 U.S.C. §§ 101, 102, 103, and 112.

23   229.    Accordingly, there exists an actual and justiciable controversy between HP and

24  Innovatio relating to whether the claims of the '907 are invalid.

25   230.    HP desires and requests a judicial determination and declaration of the respective

26  rights and duties of the parties based on the disputes recited herein. Such a determination and

27  declaration is necessary and appropriate at this time so that the parties may ascertain their

28  respective rights and responsibilities regarding the invalidity of the '907 patent.

## COUNT XXIX

### NONINFRINGEMENT OF U.S. PATENT 7,916,747

231. HP incorporates by reference the allegations in paragraphs 1 through 230, inclusive.

232. This is an action for declaratory judgment of noninfringement of any and all valid claims of the '747 patent.

233. HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

234. Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '747 patent, "including the right to sue for and collect past damages."

235. Innovatio has alleged and continues to allege that HP's customers have directly infringed the '747 patent.

236. HP denies Innovatio's allegations with respect to infringement by HP's customers. Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid claim of the '747 patent.

237. Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '747 are infringed by HP or HP's customers.

238. HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '747 patent.

## COUNT XXX

### INVALIDITY OF U.S. PATENT NO. 7,916,747

239. HP incorporates by reference the allegations of paragraphs 1 through 238, inclusive.

240. This is an action for declaratory judgment of invalidity of any and all claims of the '747 patent.

COMPLAINT AND DEMAND FOR JURY TRIAL

1    241.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

2    infringement action against HP and/or HP's customers.

3    242.    The claims of the '747 patent are invalid because they fail to comply with the

4    conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

5    limited to 35 U.S.C. §§ 101, 102, 103, and 112.

6    243.    Accordingly, there exists an actual and justiciable controversy between HP and

7    Innovatio relating to whether the claims of the '747 are invalid.

8    244.    HP desires and requests a judicial determination and declaration of the respective

9    rights and duties of the parties based on the disputes recited herein. Such a determination and

10   declaration is necessary and appropriate at this time so that the parties may ascertain their

11   respective rights and responsibilities regarding the invalidity of the '747 patent.

## COUNT XXXI

### NONINFRINGEMENT OF U.S. PATENT 7,873,343

14   245.    HP incorporates by reference the allegations in paragraphs 1 through 244,

15   inclusive.

16   246.    This is an action for declaratory judgment of noninfringement of any and all valid

17   claims of the '343 patent.

18   247.    HP has an objectively reasonable apprehension that Innovatio will bring a patent

19   infringement action against HP and/or HP's customers.

20   248.    Innovatio has alleged that it "owns all rights, title, and interest in and to, and has

21   standing to sue for infringement of" the '343 patent, "including the right to sue for and collect past

22   damages."

23   249.    Innovatio has alleged and continues to allege that HP's customers have directly

24   infringed the '343 patent.

25   250.    HP denies Innovatio's allegations with respect to infringement by HP's customers.

26   Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents,

27   or induce or contribute to the infringement of, any valid claim of the '343 patent.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

1  251.  Accordingly, there exists an actual and justiciable controversy between HP and

2  Innovatio relating to whether the claims of the '343 are infringed by HP or HP's customers.

3  252.  HP desires and requests a judicial determination and declaration of the respective

4  rights and duties of the parties based on the disputes recited herein.  Such a determination and

5  declaration is necessary and appropriate at this time so that the parties may ascertain their

6  respective rights and responsibilities regarding noninfringement of the '343 patent.

7  <center>**COUNT XXXII**</center>

8  <center>**INVALIDITY OF U.S. PATENT NO. 7,873,343**</center>

9  253.  HP incorporates by reference the allegations of paragraphs 1 through 252,

10  inclusive.

11  254.  This is an action for declaratory judgment of invalidity of any and all claims of the

12  '343 patent.

13  255.  HP has an objectively reasonable apprehension that Innovatio will bring a patent

14  infringement action against HP and/or HP's customers.

15  256.  The claims of the '343 patent are invalid because they fail to comply with the

16  conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

17  limited to 35 U.S.C. §§ 101, 102, 103, and 112.

18  257.  Accordingly, there exists an actual and justiciable controversy between HP and

19  Innovatio relating to whether the claims of the '343 are invalid.

20  258.  HP desires and requests a judicial determination and declaration of the respective

21  rights and duties of the parties based on the disputes recited herein.  Such a determination and

22  declaration is necessary and appropriate at this time so that the parties may ascertain their

23  respective rights and responsibilities regarding the invalidity of the '343 patent.

24  <center>**COUNT XXXIII**</center>

25  <center>**NONINFRINGEMENT OF U.S. PATENT 7,536,167**</center>

26  259.  HP incorporates by reference the allegations in paragraphs 1 through 258,

27  inclusive.

28

<center>28</center>

260.    This is an action for declaratory judgment of noninfringement of any and all valid claims of the '167 patent.

261.    HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

262.    Innovatio has alleged that it "owns all rights, title, and interest in and to, and has standing to sue for infringement of" the '167 patent, "including the right to sue for and collect past damages."

263.    Innovatio has alleged and continues to allege that HP's customers have directly infringed the '167 patent.

264.    HP denies Innovatio's allegations with respect to infringement by HP's customers. Neither HP nor its customers directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid claim of the '167 patent.

265.    Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the '167 are infringed by HP or HP's customers.

266.    HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding noninfringement of the '167 patent.

## COUNT XXXIV

## INVALIDITY OF U.S. PATENT NO. 7,386,167

267.    HP incorporates by reference the allegations of paragraphs 1 through 266, inclusive.

268.    This is an action for declaratory judgment of invalidity of any and all claims of the '167 patent.

269.    HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

COMPLAINT AND DEMAND FOR JURY TRIAL

1     270.   The claims of the '167 patent are invalid because they fail to comply with the

2    conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not

3    limited to 35 U.S.C. §§ 101, 102, 103, and 112.

4     271.   Accordingly, there exists an actual and justiciable controversy between HP and

5    Innovatio relating to whether the claims of the '167 are invalid.

6     272.   HP desires and requests a judicial determination and declaration of the respective

7    rights and duties of the parties based on the disputes recited herein. Such a determination and

8    declaration is necessary and appropriate at this time so that the parties may ascertain their

9    respective rights and responsibilities regarding the invalidity of the '167 patent.

10                     **COUNT XXXV**

11                      **LICENSE**

12     273.   HP incorporates by reference the allegations of paragraphs 1 through 272,

13    inclusive.

14     274.   This is an action for declaratory judgment that to the extent that any of Innovatio's

15    allegations of patent infringement are predicated on the alleged making, use, sale, offer for sale, or

16    importation of licensed products by HP or HP's customers, such allegations are barred pursuant to

17    the license(s).

18     275.   HP has an objectively reasonable apprehension that Innovatio will bring a patent

19    infringement action against HP and/or HP's customers.

20     276.   Accordingly, there exists an actual and justiciable controversy between HP and

21    Innovatio relating to whether the claims of the Patents-in-Suit are licensed.

22     277.   HP desires and requests a judicial determination and declaration of the respective

23    rights and duties of the parties based on the disputes recited herein. Such a determination and

24    declaration is necessary and appropriate at this time so that the parties may ascertain their

25    respective rights and responsibilities regarding whether the claims of the Patents-in-Suit are

26    licensed.

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT XXXVI

### PATENT EXHAUSTION

278.　HP incorporates by reference the allegations of paragraphs 1 through 277, inclusive.

279.　This is an action for declaratory judgment that to the extent that any of Innovatio's allegations of patent infringement are predicated on the alleged making, use, sale, offer for sale, or importation of licensed products by HP or HP's customers, such allegations are barred pursuant to the doctrine of patent exhaustion.

280.　HP has an objectively reasonable apprehension that Innovatio will bring a patent infringement action against HP and/or HP's customers.

281.　Accordingly, there exists an actual and justiciable controversy between HP and Innovatio relating to whether the claims of the Patents-in-Suit are exhausted.

282.　HP desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and responsibilities regarding whether the claims of the Patents-in-Suit are exhausted.

### PRAYER FOR RELIEF

WHEREFORE, HP prays for the following relief:

A.　A declaration that HP and its customers have not infringed and do not infringe in any manner any valid and enforceable claim of any of the Patents-in-Suit;

B.　A declaration that each claim of the Patents-in-Suit is invalid;

C.　A declaration that Innovatio's allegations are barred by license and/or patent exhaustion;

D.　A permanent injunction prohibiting further or future enforcement of the Patents-in-Suit against HP, its suppliers, manufacturers, distributors, resellers, customers, or end-users of its products;

COMPLAINT AND DEMAND FOR JURY TRIAL

E.     A judgment deeming this to be an "exceptional" case with the meaning of 35 U.S.C. § 285, entitling HP to an award of its reasonable attorneys' fees, expenses, and costs in this action; and

F.     For such other and further relief, in law or in equity, as this Court deems just.

### JURY TRIAL DEMANDED

HP demands a trial by jury as to all issues and causes of action so triable herein, pursuant to Federal Rule of Civil Procedure 38 and Local Rule 3-6(a).


Dated: March 2, 2012                              BRACEWELL & GIULIANI LLP


                                                  By: _____
                                                      Barry K. Shelton

                                                  Attorneys for Plaintiff
                                                  HEWLETT-PACKARD COMPANY

COMPLAINT AND DEMAND FOR JURY TRIAL